UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN KELLY ESCOBEDO, a minor, by and through his Guardian ad Litem, Dorothy Kelly,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br>UNITED PARKS & RESORTS, INC., et al.,<br>　　　　　　　　　　Defendants. | Case No.: 3:24-cv-01059-L-VET<br><br>**ORDER IMPOSING SANCTIONS ON PLAINTIFF'S COUNSEL FOR FAILING TO COMPLY WITH COURT ORDERS** |

On August 15, 2024, the Court issued an Order to Show Cause ("Initial OSC") for Plaintiff's non-compliance with the Court's Notice and Order setting an Early Neutral Evaluation Conference ("ENE") and Case Management Conference ("CMC") (the "ENE Order"). *See* Doc. Nos. 3 and 6. After failing to comply with the Initial OSC, on August 21, 2024, the Court issued a second Order to Show Cause ("Second OSC"). *See* Doc. No. 8. Following a hearing on the Second OSC, and for the reasons set forth below and on the

record at the time of hearing, the Court **SANCTIONS** Plaintiff's counsel of record, Michael R. Rhames, pursuant to Federal Rule of Civil Procedure 16(f).[1]

## I. FACTUAL BACKGROUND

### A. Events Leading to Initial Order to Show Cause

On June 27, 2024, the Court issued the ENE Order, setting an ENE and CMC for August 14, 2024 before Magistrate Judge Valerie E. Torres. *See* Doc. No. 3 at 1. The ENE Order required the parties to meet and confer by July 24, 2024, produce initial disclosures by August 7, 2024, and file a Joint Discovery Plan by August 7, 2024. *Id.* at 6. In addition, the ENE Order required each party to lodge a confidential ENE statement with the Court by August 7, 2024. *Id.* at 4. Lastly, the Court required all parties and party representatives to appear at the ENE "with full and complete authority to make settlement decisions." *Id.* at 2–3.

On July 31, 2024, Defendant SeaWorld, LLC ("Defendant")[2] sent a draft joint discovery plan to Mr. Rhames for his input. Doc. No. 4 at 1. Mr. Rhames confirmed receipt, but subsequently failed to provide any comments or otherwise respond to Defendant's follow up communications. *Id.* On August 7, 2024, Defendant timely filed a discovery plan and lodged a confidential ENE statement. *Id.* Plaintiff is not listed as a signatory to the discovery plan. *Id.* at 5.

On August 7, 2024, Plaintiff failed to timely lodge a confidential ENE statement. Doc. No. 6 at 2. Accordingly, the next day, the Court emailed Mr. Rhames inquiring about Plaintiff's missing ENE statement and confirming the Court's August 7, 2024 deadline to lodge an ENE statement. *Id.* On August 12, 2024, the Court emailed counsel of record, including Mr. Rhames, with video conference information for the August 14, 2024 ENE/CMC. *Id.* The Court did not receive a response from Mr. Rhames to any of its

---

[1] Unless otherwise indicated, all references to a "Rule" are to the Federal Rules of Civil Procedure.
[2] SeaWorld, LLC is the only remaining defendant in this action. Doc. No. 1-2 at Ex. 1.

communications, nor did Plaintiff submit an ENE statement at any time prior to the August 14 ENE. *Id.* At no time did Plaintiff seek a continuance or relief from the dates and deadlines set forth in the ENE Order. *Id.*

On August 13, 2024, Plaintiff lodged Plaintiff's Initial Disclosures and a Joint Discovery Plan, but not an ENE statement. *Id.* Therein, Plaintiff acknowledged the belated submission, stating that Mr. Rhames was called away unexpectedly on a family emergency. *Id.* Plaintiff did not acknowledge the missing ENE statement.

On August 14, 2024, the Court held the ENE as scheduled at 2:00 p.m. Defendant's representative and defense counsel, Guillermo Marrero, timely appeared. *Id.* At the Court's request, Mr. Marrero emailed and called Mr. Rhames to try to secure his appearance. Mr. Rhames appeared at 2:16 p.m. but without Plaintiff (by and through his Guardian ad Litem). *Id.* Mr. Rhames stated that the ENE/CMC was not on his calendar and Plaintiff would not be appearing. *Id.* at 2–3. The Court terminated the ENE given the Court's inability to conduct meaningful settlement discussions in the absence of Plaintiff. *Id.* at 3. The Court continued the ENE to October 9, 2024. Doc. No. 5.

On August 15, 2024, the Court issued the Initial OSC, ordering Plaintiff to show cause why the Court should not impose sanctions for failing to appear at the ENE on August 14, 2024 and otherwise failing to comply with the Court's deadlines for submitting an ENE statement, filing a joint discovery plan, and producing initial disclosures. *See* Doc. No. 6. The Court ordered Plaintiff (by and through his Guardian ad Litem, Dorothy Kelly), including Mr. Rhames, to appear for the Initial OSC Hearing on August 21, 2024. *Id.* at 3. The Court further ordered Plaintiff to file by August 19, 2024 a response, supported by a declaration from counsel of record, regarding these failures and why sanctions should not be imposed. *Id.*

**B.      Events Leading to Second Order to Show Cause**

The Court held the Initial OSC Hearing on August 21, 2024. Doc. No. 7. Mr. Rhames appeared without Plaintiff (by and through his Guardian ad Litem). Doc. No. 8 at 2. In

addition, Plaintiff failed to file a response to the Initial OSC. *Id.*

At the Initial OSC Hearing, Mr. Rhames expressed confusion regarding the Court's Initial OSC and the requirements set forth therein. *Id.* He requested another opportunity to comply with the Court's Initial OSC and asked that he and Ms. Kelly be permitted to appear remotely as Ms. Kelly resides in Lancaster. *Id.* The Court granted both requests. *Id.*; *see also* Doc. No. 7.

On August 21, 2024, the Court issued the Second OSC, ordering Plaintiff to show cause why the Court should not impose sanctions for failing to comply with the ENE Order *and* the Initial OSC. *See* Doc. No. 8 at 2 (listing each failure to comply). The Court ordered Plaintiff to file by August 22, 2024 a response, supported by a declaration from counsel of record, regarding these failures and why sanctions should not be imposed. *Id.* The Court ordered Plaintiff (by and through his Guardian ad Litem, Dorothy Kelly), including counsel of record Mr. Rhames, to appear at the Second OSC Hearing on August 23, 2024. *Id.*

On August 22, 2024, Mr. Rhames lodged, but did not file, a timely Response to the Second OSC.[3] Therein, Mr. Rhames explained that he failed to participate in preparing a joint discovery plan, produce initial disclosures, and prepare an ENE statement due to a family emergency that occurred prior to the August 14 ENE. Response at ¶ 4. Mr. Rhames also explained that his office received the Court's "electronic messages" / "electronic notices," which the Court understands to refer to Notices of Electronic Filing ("NEF") generated by the CM/ECF system, and its emails. *Id.* at ¶¶ 7–8. Notably, the CM/ECF system indicates that NEFs were emailed to Mr. Rhames' registered email address. Mr. Rhames and his office, however, ignored and/or deleted the Court's NEFs and emails, believing they concerned unrelated federal multi-district litigation ("MDL") that his office previously settled. *Id.* at ¶ 9. Mr. Rhames' Response did not explicitly address why he

---

[3] The Second OSC expressly required that Plaintiff "file" a Response, but Mr. Rhames lodged the response with the undersigned's chambers, reflecting another instance of failing to comply with the Court's instructions. Doc. No. 8 at 2.

failed to review the Court's docket to ensure compliance with the Court orders, or why he failed to comply with the Initial OSC.

On August 23, 2024, the Court held the Second OSC Hearing. Doc. No. 9. Mr. Rhames timely appeared with Plaintiff's Guardian ad Litem. Mr. Rhames again explained that his office inadvertently deleted and/or ignored the Court's NEFs and emails and acknowledged that he failed to comply with the ENE Order and Initial OSC. Mr. Rhames emphasized that his actions were not intentional.

## II.  LEGAL STANDARD

A pretrial order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992); *Martin Family Trust v. NECO/Nostalgia Enters. Co.*, 186 F.R.D. 601, 604 (E.D. Cal. 1999) (confirming that litigants have "unflagging duty to comply with clearly communicated case-management orders"). And Rule 16(f) requires counsel to comply with pretrial orders and permits sanctions against attorneys who fail to obey a pretrial order. *Banks v. Whambo! Enter., LLC*, No. 21-56222, 2022 U.S. App. LEXIS 31400, at *1 (9th Cir. Nov. 14, 2022); *see also* Fed. R. Civ. P. 16(f). "[V]iolations of Federal Rule 16 are neither technical nor trivial" because they "involve a matter most critical to the court itself: management of its docket and avoidance of unnecessary delays in the administration of its cases." *Juneau v. Subaru of Am., Inc.*, No. 23-cv-614-DMS-KSC, 2023 U.S. Dist. LEXIS 182071, at *6 (S.D. Cal. Oct. 6, 2023) (quoting *Martin Family Trust*, 186 F.R.D. at 603). It is clear that "the rule is broadly remedial and its purpose is to encourage forceful judicial management." *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986).

"Whether the party and/or its counsel disobeyed the court order intentionally is impertinent. . . ." *Ceja v. Vons Cos.*, No. 21-cv-00614-CDS-NJK, 2022 U.S. Dist. LEXIS 80785, at *2 (D. Nev. May 3, 2022) (citing *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001)). "Sanctions are still within

the Court's discretion even if the sanctioned party offers up an excuse and the failure to appear at a hearing is not intentional." *Juneau*, 2023 U.S. Dist. LEXIS 182071, at *6.

Regarding appropriate sanctions, Rule 16(f) provides that courts may issue "any just orders," including those authorized by Rule 37(b)(2)(A)(ii)-(vii). Fed. R. Civ. P. 16(f)(1). "A court fine is among the 'just orders' contemplated as a sanction by the rule." *Kelley v. S. Capital Fin. Grp., LLC*, No. 22-cv-01708-ART-NJK, 2024 U.S. Dist. LEXIS 107594, at *2 (D. Nev. June 17, 2024).

Additionally, the Court's Local Rules allow "any and all sanctions authorized by statute or rule within the inherit power of the Court" for the failure of counsel, or of any party, to comply with "any order of the Court." CivLR 83.1.

## III. DISCUSSION

### A. Mr. Rhames Repeatedly Failed to Comply with Court Orders

The Court's orders were clear, and Mr. Rhames acknowledges that he failed to comply at nearly every step, including failing to participate in the preparation and filing of a joint discovery plan, failing to timely produce initial disclosures, failing to timely lodge an ENE statement, and failing to appear with his client at the August 14 ENE. The Court will excuse the failure to prepare a joint discovery plan and timely produce initial disclosures given Mr. Rhames' family emergency. However, the last-minute emergency does not explain the subsequent failures, including Mr. Rhames' failure to appear with his client at the August 14 ENE, failure to lodge an ENE statement prior to the August 14 ENE *after* the Court provided a courtesy reminder, and failure to comply with the Initial OSC. Mr. Rhames states these failures are the result of inadvertently ignoring and/or deleting NEFs and communications from the Court. Because he and his office confused the Court's NEFs and communications in this case with communications in an unrelated MDL action, Mr. Rhames emphasizes that his non-compliance was "not intentional or knowing." Response at ¶ 5.

Intentional or not, the fact remains that Mr. Rhames' non-compliance disrupted the Court's management of its docket, caused unnecessary delays in the administration of this case, and wasted the Court's resources. Specifically, the Court could not hold the ENE as scheduled on August 14, a date set by the Court six weeks earlier. Doc. No. 5. The Court's next available date for an ENE/CMC was not until October 9, 2024, creating an almost two-month delay in this case. *Id.* Additionally, Mr. Rhames' non-compliance required not one, but two OSC hearings after Mr. Rhames failed to respond to the Initial OSC and appear with his client at the Initial OSC Hearing. Doc. Nos. 7–9. Thus, Mr. Rhames' failures will result in four separate Court proceedings.

Further, repeated non-compliance with the Court's pretrial orders, even if unintentional, still violates Rule 16(f). *See Lucas Auto. Eng'g, Inc.*, 275 F.3d at 769 (affirming imposition of sanctions under Rule 16(f) when plaintiff's representative failed to attend mediation session and failed to notify the parties beforehand of his nonappearance); *Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990) (affirming sanction of lawyer for failure to attend settlement conference who claimed he did not receive notice of settlement conference date and said he failed to appear because the date "slipped by him"); *Ford v. Alfaro*, 785 F.2d 835, 839–40 (9th Cir. 1986) (upholding sanction imposed for failure to file a pretrial statement and to attend a pretrial hearing).

Moreover, the Court is not persuaded that the purported confusion between this case and other litigation fully explains the repeated failures that occurred here. Separate and apart from the ENE Order, Mr. Rhames received communications from the Court that put him on notice of the August 14 ENE. When Plaintiff failed to lodge an ENE statement, Court staff sent a courtesy email to Mr. Rhames inquiring about the missing ENE statement. Doc. No. 6 at 2. Two days prior to the ENE, the Court also emailed all parties with videoconference information, noting the date and time of the ENE. *Id.* The Court received no response to these communications, and it is unclear how such communications can be confused with NEFs related to an MDL action. Also, once Mr. Rhames realized that

he failed to calendar the August 14 ENE, it was apparent that errors in calendaring and/or reviewing the Court's orders were occurring. Yet, there was no effort to investigate the reason for this failure or even consult or monitor the case docket, as evidenced by Mr. Rhames' subsequent failure to comply with the Initial OSC.

Lastly, the Court is troubled by the fact that an attorney (and his staff) believe it is appropriate to delete or ignore communications from the Court, particularly NEFs, without even a cursory review. "[I]t is counsel's duty to monitor the court's docket to stay informed of the court's orders and filing deadlines." *Willis v. JP Morgan Chase Bank, N.A.*, No. 17-00366 WBS AC, 2017 U.S. Dist. LEXIS 195422, at *3 (E.D. Cal. Nov. 27, 2017); *see also Gonzalez v. JP Morgan Chase Bank*, No. 12-cv-2474-LAB (MDD), 2013 U.S. Dist. LEXIS 7433, at *2 (S.D. Cal. Jan. 17, 2013) (counsel had "duty . . . to monitor the progress of his cases"); *Yeschick v. Mineta*, 675 F.3d 622, 629 (6th Cir. 2012) ("Now that electronic dockets are widely available, the burden imposed by this affirmative duty is minimal. Attorneys may monitor the docket from the comfort of their offices; they simply need to log-on to the CM/ECF system from a computer."). An attorney does not fulfill this obligation when he elects to ignore and/or delete the Court's NEFs and emails without any review.

**B.     Mr. Rhames' Non-Compliance Warrants the Imposition of Sanctions**

Although the Court recognizes that an email might be overlooked, that was not the case here. Rather the Court's NEFs and communications were *repeatedly* ignored or deleted, including communications directed to Mr. Rhames regarding the August 14 ENE and ENE statement. Nor was there any effort to investigate and avoid future failures even after it was evident as of August 14, 2024 that errors were occurring. Under these circumstances, Mr. Rhames does not present reasonable justification to excuse his repeated failures. Furthermore, as discussed above, the repeated failures unnecessarily wasted the Court's time and resources and delayed this action.

Because the function of sanctions is in part to ensure the Court's orders are not freely disregarded without consequence, the Court finds that a modest sanction will provide Mr. Rhames with an incentive to review the Court's NEFs and communications, accurately calendar future hearings, and comply with the Court's deadlines. Having given Mr. Rhames notice and an opportunity to be heard, the Court sanctions Mr. Rhames $500 for his failure to comply with the Court's ENE Order and Initial OSC, specifically his failures to (i) lodge an ENE statement prior to the August 14 ENE; (ii) appear with his client at the August 14 ENE, (iii) file a response to the Initial OSC, and (iv) appear with his client at the Initial OSC hearing. The sanction is imposed on Mr. Rhames, not Plaintiff, because Mr. Rhames acknowledges that these failures were the result of his conduct.

## IV. CONCLUSION

For the reasons discussed above, the Court hereby **ORDERS** as follows:

1. The Court **DISCHARGES** the two Orders to Show Cause. Doc. Nos. 6, 8.

2. The Court **SANCTIONS** Mr. Rhames in the amount of $500, pursuant to Federal Rule 16(f) and Local Rule 83.1.

   a. On or before **September 27, 2024**, Mr. Rhames shall submit the $500 payment as a court fine. The sanction shall be submitted and paid to the "Clerk of Court."

   b. Mr. Rhames shall file proof of payment **within five days of payment**.

**IT IS SO ORDERED.**

Dated: August 27, 2024

Honorable Valerie E. Torres
United States Magistrate Judge