UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.K.E., by and through his guardian, Dorothy Kelly, individually,<br><br>                                     Plaintiff,<br><br>v.<br><br>UNITED PARKS & RESORTS, INC.; SEA WORLD PARKS & ENTERTAINMENT, INC. & SEA WORLD LLC; SEA WORLD SAN DIEGO; DOES 1 THROUGH 50,<br><br>                                     Defendants. | Case No.:   24CV1059 L (VET)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING PETITION FOR APPROVAL OF MINOR'S COMPROMISE AND FINDING THE PROPOSED SETTLEMENT FAIR AND REASONABLE**<br><br>**[ECF No. 29]** |

Currently before the Court is the parties' Joint Amended Petition for Approval of Compromise of Minor's Claim ("Am. Pet."). ECF No. 28. This Report and Recommendation is submitted to United States District Judge M. James Lorenz pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 17.1 of the United States District Court for the Southern District of California. After reviewing the Amended Petition and all supporting documents, and for the reasons discussed below, the Court **RECOMMENDS** that District Judge Lorenz **GRANT** the Amended Petition as set forth below.

## BACKGROUND

The above entitled matter was removed to this Court on June 19, 2024. ECF No. 1. On May 13, 2024, Plaintiff J.K.E., by and through his grandmother and guardian ad litem ("GAL"), Dorothy Kelly, filed a Complaint ("Compl.") arising out a slip and fall incident that occurred at Sea World San Diego on April 17, 2021. Id. at 6-17. Magistrate Judge Valerie Torres held an Early Neutral Evaluation Conference on October 9, 2024 during which the parties agreed to a settlement. ECF No. 16.

On December 12, 2024, Plaintiff filed the Petition for Approval of Compromise of Minor's Claim. ECF No. 20. On December 17, 2024, this matter was randomly referred to this Court for consideration of the Minor's Compromise. ECF No. 22. The Court reviewed the joint petition and found deficiencies in the pleading. ECF No. 25. The parties were directed to file an amended joint petition to correct the identified deficiencies. Id.

On January 31, 2025, the parties filed an Amended Joint Petition for Approval of Compromise of Minor's Claim under seal and also filed a redacted version of the Amended Joint Petition. ECF Nos. 28, 29. The Court has considered the Joint Amended Petition and for the reasons set forth below, the Court **RECOMMENDS** that the Joint Amended Petition be **GRANTED**.

## LEGAL STANDARD

It is well settled that courts have a special duty to safeguard the interests of litigants who are minors in civil litigation. Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011); see also Fed. R. Civ. P. 17(c) (district courts "must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" Robidoux, 638 F.3d at 1181 (quoting Dacanay v. Mendoza, 573 F.2d 1075, 1080 (9th Cir. 1978)); see also Salmeron v. United States, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are

protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian *ad litem*."). To facilitate the Court in satisfying the duty to safeguard, Civil Local Rule 17.1(a) provides that "[n]o action by or on behalf of a minor or incompetent will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment." CivLR. 17.1(a). This requires the Court to determine if the settlement is in the best interests of the minor and to consider not only the fairness of the amount of the settlement, but the structure and manner of distribution of the assets for the benefit of the minor.

The Ninth Circuit established that courts reviewing the settlement of a minor's federal claim should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." Robidoux, 638 F.3d at 1181–82. They should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel— whose interests the district court has no special duty to safeguard." Id. at 1182 (citing Dacanay, 573 F.2d at 1078). "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." Robidoux, 638 F.3d at 1182.

The Ninth Circuit limited its decision in Robidoux to "cases involving the settlement of a minor's federal claims." Id. at 1181–82 (emphasis added). Where a settlement involves state law claims, federal courts are generally guided by state law rather than Robidoux. J.T. by & Through Wolfe v. Tehachapi Unified Sch. Dist., 2019 WL 954783, at *2 (E.D. Cal. Feb. 27, 2019). See also A.M.L. v. Cernaianu, 2014 WL 12588992, at *3 (C.D. Cal. Apr. 1, 2014) (collecting cases). The court in A.M.L. noted that, although federal courts generally require claims by minors to "be settled in accordance with applicable state law," the Ninth Circuit in Robidoux held such an approach "places undue emphasis on the amount of attorney's fees provided for in a settlement, instead of focusing on the net recovery of the minor plaintiffs." Id. at *2 (quoting Robidoux, 638 F.3d at 1181) (other citation omitted). But see Mitchell v. Riverstone Residential Grp., 2013 WL 1680641, at *1 (E.D. Cal. Apr. 17, 2013) ("[A] number of district courts have

applied the rule provided in Robidoux to evaluate the propriety of a settlement of a minor's state law claims as well") (collecting cases).

The California Probate Code provides the applicable statutory scheme for approval of a minor's compromise under state law. See Cal. Prob. Code §§ 3601 *et seq*. Under California law, the Court is tasked with evaluating the reasonableness of the settlement and determining whether the compromise is in the best interest of the minor. A.M.L., 2014 WL 12588992, at *3 (citations omitted). The Court is afforded "broad power . . . to authorize payment from the settlement—to say who and what will be paid from the minor's money—as well as direct certain individuals to pay it." Goldberg v. Superior Court, 23 Cal. App. 4th 1378, 1382 (Cal. Ct. App. 1994); see also Pearson v. Superior Court, 136 Cal. Rptr. 3d 455, 459 (Cal. Ct. App. 2012) (explaining that the purpose of requiring court approval of a minor's settlement is to "allow[] the guardians of a minor to effectively negotiate a settlement while at the same time protect[ing] the minor's interest by requiring court approval before the settlement can have a binding effect on the minor").

## DISCUSSION

**A.     Proposed Settlement**

The proposed settlement of this case is a gross amount of $▮▮▮▮ and after payment of attorneys' fees, Plaintiff's medical liens, and all required fees and costs the remaining amount will go to Plaintiff. Am. Pet. at 4. In the application, Plaintiff identifies the following expenses to be deducted from the settlement amount: $▮▮▮▮ in attorneys' fees (approximately 25% of the total settlement amount), $▮▮▮▮ in medical expenses, and $▮▮▮▮ in other fees and expenses. Id. at 4-5. Under this structure, Plaintiff would receive a net settlement of $▮▮▮▮. Id. at 5. Plaintiff's recovery will be deposited in an interest bearing, federally insured blocked account in the legal name of minor Plaintiff. Id. No withdrawal of principal or interest may be made from this account without a written order from this Court or any court of competent jurisdiction until the minor reaches 18 years of age.

In analyzing the pending application, the Court initially finds that $▮▮▮▮ is a fair and reasonable settlement for the Plaintiff. In reaching this conclusion, the Court relies on the

representation by the parties that Plaintiff is no longer seeking treatment for his injuries and there is no significant medical care anticipated for him in the future.

**B.   Attorney's Fees and Costs**

In addition to assessing whether the settlement is fair and reasonable, the Court must approve the attorneys' fees and costs to be paid for representation of a minor.  See Cal. Prob. Code § 3601; Cal. Rule of Ct. 7.955.[1]  In contingency fee cases, attorneys' fees for representing a minor historically have been limited to 25% of the gross recovery.  See, e.g., DeRuyver v. Omni La Costa Resort & Spa, LLC, 2020 WL 563551, at *2 (S.D. Cal. Feb. 4, 2020); Mitchell v. Riverstone Residential Grp., 2013 WL 1680641, at *2 (E.D. Cal. Apr. 17, 2013); McCue v. South Fork Union Sch. Dist., 2012 WL 2995666, at *2 (E.D. Cal. Jul. 23, 2012); Welch v. Cty. Of Sacramento, 2008 WL 3285412, at *1 (E.D. Cal. Aug. 5, 2008); Red v. Merced Cty., 2008 WL 1849796, at *2 (E.D. Cal. Apr. 23, 2008).  To determine whether a request for attorney's fee is reasonable, the Court may consider factors such as the time and labor required, whether the minor's representative consented to the fee, the amount of money involved, the result obtained, and whether the fee is fixed, hourly, or contingent.  See California Rule of Court 7.955(b).

    1.   Attorney's Fees

Here, Plaintiff's counsel requests 25% of the gross settlement amount. Am. Pet. at 4. Under the facts and circumstances of this action, the Court finds that the requested attorney's fees are reasonable.

    2.   Medical Lien

Plaintiff's medical bills total $███████ and are attached as exhibits to the amended petition. Am. Pet. at 4. The parties represent that Plaintiff was treated conservatively for his injuries and the medical bills reflect that position.  In addition, the California Department of Health Care Services has provided documentation of $█████ in medical expenses but has agreed to reduce the lien to $█████.  Id.

---

[1] Similarly, San Diego Superior Court Civil Rule 2.4.6.2 states that, regarding a minor's compromise, "the court will determine the amount of costs, expenses, and attorney's fees to be allowed from the proceeds of the settlement."

Given the negotiated lien amount and amount of medical expenses, the Court finds these to be reasonable costs.

### 3. Remaining Costs

The remaining costs at issue include $▮ in Court filing fees, $▮ in service of process fees, and $▮ in parking expenses. Am. Pet. at 5, 33. The Court finds theses costs to be fair and reasonable under the circumstances of this case.

### 4. Conclusion

After reviewing the various litigation costs, and considering the facts and issues in this case, the Court finds that the following fees and costs are fair and reasonable and result in a settlement that is in the best interests of Plaintiff.

| Item | Amount |
|---|---|
| Gross Settlement | $▮ |
| Attorneys' Fees (25%) | ($▮) |
| Litigation Costs | ($▮) |
| Medical bills and Lien | ($▮) |
| Total to Plaintiff: | $▮ |

## C. Method of Disbursement

Courts may use a wide variety of methods for the disbursement of settlement funds to a minor. See Cal. Prob. Code § 3600 et. seq. Here, the parties have agreed to an interest bearing, federally insured blocked account in the legal name of the minor Plaintiff. Am. Pet. at 5. There will be no withdrawal of principal or interest from this blocked account without a written order of this Court, or any other court of competent jurisdiction, until the minor Plaintiff reaches 18 years of age. When the minor Plaintiff reaches 18 years of age, the depository, without further order of this Court or any other court of competent jurisdiction, is authorized and directed to pay by check or draft directly to the former minor Plaintiff all funds, including interest, deposited under this Court's order. The Court finds that this method of disbursement is fair, reasonable, and within the bounds of applicable law. See Cal. Prob. Code § 3611.

## CONCLUSION

After conducting an independent inquiry and evaluation of the proposed settlement, the

Court finds that the proposed settlement is fair, reasonable, and in the best interests of the minor Plaintiff, given the legal and factual issues involved in this case, and recoveries in similar cases. See Robidoux et al., 638 F.3d at 1181-82 (holding that district courts should limit the scope of their review of a compromise or settlement of a minor's claims "to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases"). The Court also finds that the proposed expenses and attorneys' fees are fair and reasonable. Accordingly, the Court **RECOMMENDS** that Judge Lorenz approve the proposed settlement, grant the petition for compromise of claim of minor, and issue the following orders:

1. Within twenty-one days of Judge Lorenz's order, Defendant must provide Plaintiff's counsel with a check in the amount of $_____ made payable to "Law Offices of Michael R. Rhames, PC FBO J.K.E.[2]."
2. Upon receipt of the $_____, Plaintiff's counsel shall retain $_____ for attorney's fees and use the remaining money to pay the hard costs incurred during the litigation and the remaining medical bills and liens.
3. Within thirty days of Judge Lorenz's order, the minor's net settlement proceeds, $_____, are to be deposited in the legal name of minor Plaintiff in a blocked interest-bearing and federally insured account;
4. A joint motion for dismissal of the instant case must be filed within five days after Plaintiff's counsels' receipt of the settlement check.

**IT IS HEREBY ORDERED** that any objections to this Report and Recommendation must be filed with the Court and served on all parties no later than **March 14, 2025**. The document should be captioned "Objections to Report and Recommendation."[3]

---

[2] The check should include Plaintiff's full name.

[3] Although the federal statutory scheme provides for a 14-day objections period to a Magistrate Judge's Report and Recommendation, the undersigned notes that the Amended Petition in this case is filed jointly. See ECF No. 28. Therefore, if all parties wish to waive the objections period, they should file a joint stipulation to that effect immediately, to allow the Court to adopt this Report and Recommendation without further delay. There will be no adverse consequences to any party who files objections or otherwise chooses not to waive the objection period.

**IT IS SO ORDERED**.

Dated: 2/28/2025

Hon. Barbara L. Major
United States Magistrate Judge